## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STREAMLIGHT, INC.<br>30 Eagleville Road<br>Eagleville, PA 19403 | : <br> : <br> : | |
| Plaintiff, | : <br> : | |
| v. | : <br> : | No. _____ |
| NINGBO HIGHLITE<br>TECHNICAL CO., LTD.,<br>1 Lawrence Drive,<br>Princeton, NJ 08540, | : <br> : <br> : <br> : <br> : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff Streamlight, Inc. ("Streamlight"), by and through its attorneys RatnerPrestia for its Complaint against Defendant Ningbo Highlite Technical Co., Ltd. ("Defendant"), alleges the following:

## NATURE OF THE ACTION

1.      This is an action for (i) patent infringement under 35 U.S.C. § 271 *et seq.*, (ii) federal trademark infringement under the Lanham Act 15 U.S.C. § 1051 *et seq.*, (iii) trademark infringement under Pennsylvania common law; (iv) trade dress infringement under Pennsylvania common law (v) federal unfair competition under 15 U.S.C. § 1125; and (vi) unfair competition under Pennsylvania common law.

2.      Upon information and belief, Defendant has infringed each of the following U.S. Patents and Trademark Registrations assigned to Streamlight, along with the respective common law rights in the associated trademarks and trade dress:

   a.   U.S. Patent No. 6,012,824 (the "'824 Patent");

   b.   U.S. Patent No. 8,777,446 (the "'446 Patent");

   c.   U.S. Patent No. D681,246 (the "'246 Patent"; with the '824 Patent and the '446 Patent, the "Asserted Patents"); and

    d.   U.S. Trademark Reg. No. 3,894,722 for "KNUCKLEHEAD" (the "KNUCKLEHEAD Mark"); and

    e.   Streamlight's trade dress for its KNUCKLEHEAD® light, in violation of Pennsylvania common law.

## THE PARTIES

3.    Streamlight is a Delaware corporation having a principal place of business at 30 Eagleville Road, Eagleville, PA 19403.

4.    Upon information and belief, Defendant is a Chinese corporation having an office located at 1 Lawrence Drive, Princeton, NJ 08540.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over the subject matter of this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1116 and 1121, in that this action arises under the patent and trademark laws of the United States, and under the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6.    Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant conducts business in this judicial district, and/or because Defendant has caused tortious injury to Streamlight in this judicial district and regularly do business in this judicial district.

7.    Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND
### Streamlight's Products

8.    Streamlight has manufactured and sold portable lighting products since 1973.

9.    Streamlight's products are sold in Pennsylvania, throughout the United States and throughout the world for a range of applications, including military, law enforcement, firefighting, first responders, safety, automotive, industrial, and sporting goods applications.

10.    Streamlight sells a wide range of portable lighting products including work lights, gun-mounted lights, flashlights, penlights, lanterns, and headlamps.

11.     Streamlight is the assignee and owner of the '824 Patent, entitled "FLASHLIGHT WITH ROTATABLE LAMP HEAD," which was duly and legally issued to Streamlight on January 11, 2000.  A copy of this patent is attached as **Exhibit 1**.

12.     Streamlight is the assignee and owner of the '446 Patent, entitled "PORTABLE LIGHT HAVING A ROTATABLE HEAD," which was duly and legally issued to Streamlight on January 15, 2014.  A copy of this patent is attached as **Exhibit 2**.

13.     Streamlight is the assignee and owner of the '246 Patent, entitled "PORTABLE LIGHT," which was duly and legally issued to Streamlight on April 30, 2013.  A copy of this patent is attached as **Exhibit 3**.

14.     Streamlight is the owner of the KNUCKLEHEAD Mark, registered on December 21, 2010, in International Class 11 covering "flashlights and parts therefor."  A copy of this registration is attached as **Exhibit 4**.

15.     Streamlight markets and sells at least one product, the KNUCKLEHEAD® light, covered by and marked with the patent numbers of the Asserted Patents in accordance with the provisions of 35 U.S.C. § 287, and marked with a notice of registration in accordance with the provisions of 15 U.S.C. § 1111.

16.     Streamlight's KNUCKLEHEAD® lights include a distinctive and unique trade dress which identifies Streamlight as their source.  This trade dress, owned by Streamlight, includes, by way of non-limiting example, a distinctive shape, contour, configuration, arrangement of features, profile, color scheme, and a distinctive black ring around the body and below the neck.  This trade dress is inherently distinctive of Streamlight's KNUCKLEHEAD® lights, and is unique and valuable to Streamlight.

## **Defendant's Infringement**

17.     On information and belief, Defendant is in the business of importing, making, selling, offering for sale, using, and/or distributing products that infringe the Asserted Patents, as well as the KNUCKLEHEAD Mark and Streamlight's trade dress for its KNUCKLEHEAD® light.

18.     On information and belief, Defendant has imported, manufactured, sold, offered for sale, used, and/or distributed one or more flashlights in connection with or bearing the code "HL-WL2070."

19.     On information and belief, Defendant manufactured, sold, offered for sale, promoted, and/or distributed one or more of its HL-WL2070 flashlights to others with the knowledge or belief that those others would be reselling those flashlights.

20.     Defendant advertises its HL-WL2070 flashlights by way of its website, http://www.highlite.cn/, specifically at http://www.highlite.cn/products-d.asp?ProID=1762&ProCateID=44.  A copy of Defendant' website is attached as **Exhibit 5**.

21.     On information and belief, Defendant has sold, caused to be sold, promoted, or advertised its HL-WL2070 flashlights in the Eastern District of Pennsylvania.

22.     On information and belief, Defendant's HL-WL2070 flashlights infringe at least one claim of each of the Asserted Patents.

23.     On information and belief, Defendant's marketing and sale of its HL-WL2070 flashlights causes and has caused confusion among consumers with respect to Streamlight's KNUCKLEHEAD® light.

24.     On information and belief, Defendant has imported, manufactured, sold, offered for sale, used, and/or distributed one or more of its HL-WL2070 flashlights marked with the word "KnuckleHeadLED."

25.     On information and belief, Defendant manufactured, sold, offered for sale, promoted, and/or distributed one or more of its HL-WL2070 flashlights marked with the word "KnuckleHeadLED" to others with the knowledge or belief that those others would be reselling those flashlights.

26.     On information and belief, the HL-WL2070 flashlights marked with the word "KnuckleHeadLED" were sold, caused to be sold, promoted, or advertised in the Eastern District of Pennsylvania.

27.     On information and belief, Defendant's marketing and sale of its HL-WL2070 flashlights marked with the word "KnuckleHeadLED" causes and has caused confusion among consumers with respect to Streamlight's KNUCKLEHEAD® light.

## COUNT I
### (Patent Infringement - U.S. Patent No. 6,012,824)

28.     Streamlight repeats and re-alleges each allegation contained in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29.     The '824 Patent is valid and enforceable.

30.     Upon information and belief, Defendant has imported, manufactured, sold, offered for sale, used, and/or distributed in the United States, flashlights that fall within the scope of at least one claim of the '824 Patent, in violation of 35 U.S.C. § 271, *et seq.*

31.     Upon information and belief, the acts of infringement by Defendant described above have been and continue to be intentional and willful.

32.     Streamlight is entitled to damages as a result of the intentional and willful infringement by Defendant.

33.     Defendant has caused irreparable damage to Streamlight by its acts of infringement described above and will continue its acts of infringement unless enjoined by this Court.

## COUNT II
### (Patent Infringement - U.S. Patent No. 8,777,446)

34.     Streamlight repeats and re-alleges each allegation contained in paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35.     The '446 Patent is valid and enforceable.

36.     Upon information and belief, Defendant has imported, manufactured, sold, offered for sale, used, and/or distributed in the United States, flashlights that fall within the scope of at least one claim of the '446 Patent, in violation of 35 U.S.C. § 271, *et seq.*

37.     Upon information and belief, the acts of infringement by Defendant described above have been and continue to be intentional and willful.

38.     Streamlight is entitled to damages as a result of the intentional and willful infringement by Defendant.

39.     Defendant has caused irreparable damage to Streamlight by its acts of infringement described above and will continue its acts of infringement unless enjoined by this Court.

## COUNT III
### (Patent Infringement - U.S. Patent No. D681,246)

40.     Streamlight repeats and re-alleges each allegation contained in paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41.     The '246 Patent is valid and enforceable.

42.     Upon information and belief, Defendant has imported, manufactured, sold, offered for sale, used, and/or distributed in the United States, flashlights that fall within the scope of the design covered by the '246 Patent, in violation of 35 U.S.C. § 271, *et seq*.

43.     Upon information and belief, the acts of infringement by Defendant described above have been and continue to be intentional and willful.

44.     Streamlight is entitled to damages as a result of the intentional and willful infringement by Defendant.

45.     Defendant has caused irreparable damage to Streamlight by its acts of infringement described above and will continue its acts of infringement unless enjoined by this Court.

## COUNT IV
### (Federal Trademark Infringement)

46.     Streamlight repeats and re-alleges each allegation contained in paragraphs 1 through 45 of this Complaint, as if fully set forth herein.

47.     Defendant has infringed the KNUCKLEHEAD Mark in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and advertising of its HL-WL2070 flashlights marked with the word "KnuckleHeadLED," which is confusingly similar to the KNUCKLEHEAD Mark used in association with flashlights offered by Streamlight.

48.     Defendant's acts are without permission or authorization of Streamlight and are likely to cause confusion, mistake and/or deception, and constitute trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114-1118.

49.     Defendant's infringement is knowing, deliberate, and willful.

50.     Defendant's infringement of the KNUCKLEHEAD Mark has caused actual confusion among consumers.

51.     Defendant's acts have caused irreparable damage and injury to Streamlight and are likely to continue to cause irreparable injury to Streamlight unless Defendant is enjoined and restrained by this Court from further use in commerce of the KnuckleHeadLED name.

<u>**COUNT V**</u>
**(Common Law Trademark Infringement)**

52.     Streamlight repeats and re-alleges each allegation contained in paragraphs 1 through 51 of this Complaint, as if fully set forth herein.

53.     Streamlight has used and is the owner of the KNUCKLEHEAD Mark in the Commonwealth of Pennsylvania.

54.     The use and advertising of the KnuckleHeadLED name by Defendant constitutes trademark infringement in violation of the common law of Pennsylvania and causes a likelihood of confusion, deception, and mistake.

55.     Defendant's infringement is knowing, deliberate, and willful.

56.     Defendant's acts have caused irreparable damage and injury to Streamlight and are likely to continue to cause irreparable injury to Streamlight unless Defendant is enjoined and restrained by this Court from further use in commerce of the KnuckleHeadLED name.

## COUNT VI
### (Common Law Trade Dress Infringement)

57.     Streamlight repeats and re-alleges each allegation contained in paragraphs 1 through 56 of this Complaint, as if fully set forth herein.

58.     Streamlight's trade dress, as embodied in the KNUCKLEHEAD® light, is inherently distinctive in overall design and layout, and is non-functional.

59.     Streamlight's trade dress, as embodied in the KNUCKLEHEAD® light, has become known by the public as indicative of the goods and services provided by Streamlight, and has acquired valuable goodwill belonging to Streamlight.

60.     The use of Streamlight's trade dress and/or confusingly similar variations by Defendant on its HL-WL2070 flashlights and on its website induces consumers to believe, contrary to fact, that the goods and services sold by Defendant are manufactured, provided, sponsored, or otherwise approved by, or connected with Streamlight.

61.     The use of Streamlight's trade dress and confusingly similar variations by Defendant on its HL-WL2070 flashlights and on its website is likely to cause confusion, mistake, or deception among customers, or prospective purchasers regarding Streamlight's trade dress and/or Streamlight's association with the goods provided by Defendant.

62.     By its conduct, Defendant has infringed and continues to infringe Streamlight's trade dress under the common law of Pennsylvania.

63.     Upon information and belief, Defendant's actions have been intentional, willful, and deliberate.

64.     By reason of Defendant's actions, Streamlight has been substantially and irreparably harmed by Defendant's conduct, and will continue to be substantially and irreparably harmed unless Defendant is enjoined from infringing Streamlight's trade dress.

## COUNT VII
### (Federal Unfair Competition/False Designation of Origin)

65.     Streamlight repeats and re-alleges each allegation contained in paragraphs 1 through 64 of this Complaint, as if fully set forth herein.

66.     Defendant's use in commerce of the KnuckleHeadLED name and Streamlight's trade dress, as embodied in the KNUCKLEHEAD® light, constitutes a false designation of origin and a false description, which falsely indicates that Defendant's products originated from or are affiliated with or are endorsed by Streamlight.

67.     Defendant's use of the KnuckleHeadLED name and Streamlight's trade dress, as embodied in the KNUCKLEHEAD® light is likely to divert business from Streamlight to Defendant, causing damage to Streamlight's business representation, image, and goodwill.

68.     Defendant's acts constitute unfair competition, false designation of origin and a violation of 15 U.S.C. § 1125(a).

69.     Defendant's acts have caused irreparable damage and injury to Streamlight and are likely to continue to cause irreparable injury to Streamlight unless Defendant is enjoined and restrained by this Court from further use in commerce of the KnuckleHeadLED name and Streamlight's trade dress, as embodied in the KNUCKLEHEAD® light.

## COUNT VIII
### (Common Law Unfair Competition)

70.     Streamlight repeats and re-alleges each allegation contained in paragraphs 1 through 69 of this Complaint, as if fully set forth herein.

71.     Defendant's use in commerce of the KnuckleHeadLED name and Streamlight's trade dress, as embodied in the KNUCKLEHEAD® light is likely to divert business from Streamlight to Defendant, causing damage to Streamlight's business representation, image, and goodwill.

72.     Defendant's acts have caused irreparable damage and injury to Streamlight and are likely to continue to cause irreparable injury to Streamlight unless Defendant is enjoined and restrained by this Court from further use in commerce of the KnuckleHeadLED name and Streamlight's trade dress, as embodied in the KNUCKLEHEAD® light.

## PRAYER FOR RELIEF

In view of the foregoing, Streamlight asks that this Court grant relief as follows:

A.      For judgment that the Asserted Patents have been infringed by Defendant under 35 U.S.C. § 271;

B.      For judgment that such infringement was willful;

C.      For Defendant, its officers, agents, servants, employees, successors, assigns and all other persons in active concert or participation with any of them, to be enjoined from infringing the Asserted Patents;

D.      For an accounting of Defendant's profits and an assessment of Streamlight's damages to compensate Streamlight for Defendant's infringement of the Asserted Patents;

E.      For an assessment of treble damages against Defendant due to the deliberate, willful, and knowing nature of its infringement of the Asserted Patents under 35 U.S.C. § 284;

F.      For an award to Streamlight of its reasonable attorneys' fees under 35 U.S.C. § 285;

G.      For judgment that Streamlight's KNUCKLEHEAD Mark has been infringed by Defendant in violation of 15 U.S.C. §§ 1114-1118;

H.      For judgment that Streamlight's KNUCKLEHEAD Mark has been infringed by Defendant under Pennsylvania common law;

I.      For judgment that Defendant has committed acts of unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a);

J.      For judgment that Defendant has committed acts of unfair competition under Pennsylvania common law;

K.      For Defendant, its officers, agents, servants, employees, successors, assigns and all other persons in active concert or participation with any of them, to be permanently enjoined

from use of any designation as a trademark, trade dress, service mark, or otherwise to market, advertise, or identify Defendant or its goods and services that is confusing similar to Streamlight's KNUCKLEHEAD Mark;

L.     For an accounting of Defendant's profits and an assessment of Streamlight's damages to compensate Streamlight for Defendant's infringement of Streamlight's KNUCKLEHEAD Mark;

M.     For an award of the amount by which Defendant has been unjustly enriched by consumers who have purchased Defendant's products under the belief that they were purchasing Streamlight's;

N.     For an assessment of treble damages against Defendant due to the deliberate, willful and knowing nature of its infringement of Streamlight's KNUCKLEHEAD Mark under 15 U.S.C. § 1117(b);

O.     For an award to Streamlight of its reasonable attorneys' fees under 15 U.S.C. § 1117;

P.     For judgment that Streamlight's trade dress, as embodied in the KNUCKLEHEAD® light, has been infringed under Pennsylvania common law;

Q.     For Defendant, its officers, agents, servants, employees, successors, assigns and all other persons in active concert or participation with any of them, to be permanently enjoined from use of any confusingly similar trade dress, as embodied in the KNUCKLEHEAD® light;

R.     For an accounting of Defendant's profits and an assessment of Streamlight's damages to compensate Streamlight for Defendant's infringement of Streamlight's trade dress, as embodied in the KNUCKLEHEAD® light, under Pennsylvania common law;

S.     For an award to Streamlight of its costs in this action plus interest on all monetary damages awarded; and

T.     For such other and further relief as this Court deems just and fair.

## DEMAND FOR JURY TRIAL

Streamlight hereby demands a trial by jury of all issues in this action so triable.

Respectfully submitted,

Dated: 3/25/15

Benjamin E. Leace (Pa. No. 54281)
Andrew J. Koopman (Pa. No. 210026)
RatnerPrestia
1235 Westlakes Drive
Suite 301
Berwyn, PA 19312
(610) 407-0700
(610) 407-0701
bleace@ratnerprestia.com
akoopman@ratnerprestia.com

ATTORNEYS FOR PLAINTIFF,
Streamlight, Inc.